Filed 7/21/15  Anthony P. v. Super. Ct. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANTHONY P.,<br><br>      Defendant and Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>      Respondent;<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Real Party in Interest. | B263683<br>(Los Angeles County<br>Super. Ct. No. CK62928) |

APPEAL from an order of the Superior Court of Los Angeles County, Annabelle G. Cortez, Judge.  Petition denied.

Law Offices of Alex Iglesias, Steven Shenfeld and Elizabeth Jacobo for Defendant and Petitioner.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Real Party in Interest.

# I. INTRODUCTION

Anthony P., the alleged father of 10 month-old A.P. (the child), has filed an extraordinary writ petition pursuant to California Rules of Court, rule 8.452.[1]  Anthony seeks to set aside an April 7, 2015 dispositional order which set the matter for a Welfare and Institutions Code section 366.26 parental rights termination hearing.[2]  Anthony contends the juvenile court's failure to determine whether he is the child's biological father requires reversal of the order setting the matter for a parental termination rights hearing.  We conclude the juvenile court did not err.  But if there was error, it was harmless.  Accordingly, we deny the petition.

# II. FACTS AND PROCEDURAL BACKGROUND

The child was born in September 2014 with drugs in her system.  Learning of the child's positive toxicology test, the Department of Children and Family Services (the department) detained her in the hospital and filed a section 300 petition.  The department then placed the child in the home of a nonrelative extended family member who was caring for two of the youngster's half-siblings.

The mother, A.R., reported that Anthony was the father.  Anthony had been incarcerated since being arrested three months before the child's birth.  Anthony was serving a two and one-half year, state prison sentence for vehicle theft.  (Veh. Code, § 10851, subd. (a).  His expected release date was March 19, 2016.  (As will be noted, the March 19, 2016 expected release date was beyond the period of time available for reunification services.)  The mother and Anthony were not married.  The mother said Anthony was not present at the child's birth and did not sign the birth certificate.  Moreover, Anthony did not:  hold himself out openly as the child's parent; receive the

---

[1]      All further references to rules are to the California Rules of Court.
[2]      All further statutory references are to the Welfare and Institutions Code unless stated otherwise.

child into his home; or help to support the child. Paternity testing had not been conducted.

At the September 10, 2014 detention hearing, the juvenile court found Anthony was an alleged father. As there had not been enough time to bring him to court, Anthony was not present at the hearing. The matter was continued to October 7, 2014, for a contested adjudication hearing.

Anthony was present at the October 7, 2014 hearing. His attorney, Elizabeth Jacobo, submitted a Statement Regarding Parentage, Judicial Council Form JV-505, that she stated she completed with Anthony at the hearing. The form was not personally signed by Anthony. It was signed for Anthony by Ms. Jacobo. The form states Anthony believed he was the father and requested a judgment of parentage. Anthony did not request a finding of presumed parenthood. Based on Anthony's form JV-505, the juvenile court found the previous finding he is an alleged father was appropriate. Anthony did not object, request a finding he is the biological father nor request paternity testing. The matter was continued to December 4, 2014, for a further adjudication hearing.

On December 4, 2014, Anthony's attorney, Ms. Jacobo, requested a continuance of the dispositional portion of the adjudication hearing. Anthony was absent from the hearing as he had waived his right to be present. Ms. Jacobo wanted Anthony to be interviewed, to learn if a basis existed for finding him to be a presumed father and thus entitled to reunification services. Ms. Jacobo offered, "Perhaps he was involved with the mother during her pregnancy." The juvenile court denied Ms. Jacobo's continuance motion. The child was declared a dependent of the juvenile court based on sustained allegations under section 300, subdivisions (b) and (j). The sustained allegations indicate: the child was born "suffering from a detrimental condition consisting of a positive toxicology screen for amphetamines and marijuana"; this detrimental condition existed only because of "unreasonable acts by the child's mother"; the mother's misconduct placed the child at risk of physical harm and damage; the mother has a history of unlawful drug use and is a current amphetamine and marijuana user; the drug

3

use renders the mother incapable of providing regular care for the child; the mother used illicit drugs during her pregnancy; and two of the child's siblings received permanent placement services due to the mother's illicit drug use. Custody was taken from the parents, and, as no reunification services were ordered, the matter was set for a selection and implementation hearing under section 366.26. The juvenile court found "by clear and convincing evidence" pursuant to section 361.5, subdivision (a) that no reunification services were warranted. The juvenile court found Anthony had not played the role of parent for the child in that he: had not signed a paternity declaration; was not married to the mother; was not present at the birth; was not named on the birth certificate; did not sign the birth certificate; and did not receive the child into his home. The juvenile court expressly ruled, "[Anthony] has not risen to the level[] that he should be deemed a presumed father."

## III. DISCUSSION

Anthony contends the order setting the matter for a parental termination rights hearing must be reversed because the juvenile court failed to make a parentage determination as required by rule 5.635. He contends that had the juvenile court found he is the biological father, it might have ordered reunification services. We disagree with the contention. The juvenile court did not err. Even if there was error, any error was harmless.

Rule 5.635 provides, in pertinent part: "(e) If . . . there has been no prior determination of parentage of the child, the juvenile court must take appropriate steps to make such a determination. [¶] (1) Any alleged father and his counsel must complete and submit *Statement Regarding Parentage (Juvenile)* (form JV-505). . . . [¶] (2) To determine parentage, the juvenile court may order the child and any alleged parents to submit to genetic tests and proceed under Family Code section 7550 et seq. [¶] (3) The court may make its determination of parentage or nonparentage based on the testimony, declarations, or statements of the alleged parents. The court must advise any alleged

4

parent that if parentage is determined, the parent will have responsibility for the financial support of the child, and, if the child receives welfare benefits, the parent may be subject to an action to obtain support payments." Form JV-505 requires both the alleged father and his attorney to personally sign the form. Rule 5.635 has been said to implement the provisions of section 316.2, which provides, in subdivision (a), "At the detention hearing, or as soon thereafter as practicable, the court shall inquire of the mother and any other appropriate person as to the identity and address of all presumed or alleged fathers." (E.g., *In re Kobe A.* (2007) 146 Cal.App.4th 1113, 1121; see *In re B.C.* (2012) 205 Cal.App.4th 1306, 1311-1312.)

In order to obtain a determination of parentage, Anthony and Ms. Jacobo were obliged to timely provide a properly completed form JV-505. They did not. Anthony did not personally sign the form. There are sound reasons to require an alleged father to personally sign a statement requesting a determination of parentage. It is no trifling matter to assert one's parentage. (See, e.g., Fam. Code, § 3900 [parents have a duty to support their child]; *Thompson v. Thames* (1997) 57 Cal.App.4th 1296, 1310-1311.) Requiring the alleged father's personal signature ensures that a request of such consequence comes from him. The juvenile court was not required to make a determination of biological paternity based on an unsigned request.

In any event, if the failure to make the parentage determination was a mistake, the error is harmless. In the circumstances of this case, there is no possibility reunification services would have been ordered had the court found biological paternity. Harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836 is applied in dependency cases when a statutory mandate is disobeyed. (*In re Jesusa V.* (2004) 32 Cal.4th 588, 624-625; Cal. Const., art. VI, § 13.)

Only a presumed father is entitled to receive reunification services. (*In re Zacharia D.* (1993) 6 Cal.4th 435, 451; *In re E.T.* (2013) 217 Cal.App.4th 426, 437.) Anthony does not challenge the juvenile court's finding that he was merely an alleged father. (§ 316.2, subd. (a); *In re Zacharia D., supra,* 6 Cal.4th at p. 449, fn. 15; *In re Jovanni B.* (2013) 221 Cal.App.4th 1482, 1488.) Nonetheless, the juvenile court has

5

discretion to grant reunification services to a mere biological father if the services will benefit the child. (§ 361.5, subd. (a) ["Upon a finding and declaration of paternity by the juvenile court or proof of a prior declaration of paternity by any court of competent jurisdiction, the juvenile court may order services for the child and the biological father, if the court determines that the services will benefit the child"]; *In re B.C., supra,* 205 Cal.App.4th at p. 1312, fn. 3; *In re Raphael P.* (2002) 97 Cal.App.4th 716, 727, fn. 7.) Here, there is no reasonable possibility reunification would have been ordered at the disposition hearing, because Anthony could not gain custody within the requisite time period for reunifying. Under these circumstances Anthony's prison term would not be completed within the 12-month reunification period. Thus, there is no possibility the juvenile court would have found that reunification services would benefit the child. (§ 361.5, subd. (a); compare *In re Kobe A., supra,* 146 Cal.App.4th at pp. 1122-1123 [harmless error where there was no possibility reunification would be found to be in the child's best interest], *In re Joshua R.* (2002) 104 Cal.App.4th 1020, 1026 [harmless error where the court found reunification was not in the child's best interest]; *In re J.H.* (2011) 198 Cal.App.4th 635, 650 [error not harmless because it was possible that offering reunification services would be in the child's best interest], *In re B.C., supra,* 205 Cal.App.4th at pp. 1311-1312, 1315 [a determination of biological paternity was sought not for reunification but solely so that the alleged father could meet his parental obligations].)

Anthony makes no contention nor offers any reason to believe that reunification services would benefit the child. The child was under three years of age. For such a child, the maximum time period during which reunification services may be provided shall not exceed six months from the date physical custody was taken from the parent. (§ 361.5, subd. (a)(1), (3); *In re J.P.* (2014) 229 Cal.App.4th 108, 121.) The period may be extended up to a maximum period of 12 months. In this case, the maximum reunification period would be extended to September 2015. But then only if the juvenile court finds there is a substantial probability the child will be returned to parental custody within six months. (§ 366.21, subd. (e); *In re V.C.* (2010) 188 Cal.App.4th 521, 528.)

Anthony cannot gain custody within the requisite time period, because he will be in custody until March 16, 2016. Moreover, Anthony had no relationship with the child. In these circumstances, granting a reunification period would only delay resolution of the child's status. (§ 352, subd. (b); *In re Jesusa V., supra,* 32 Cal.4th at p. 625 [there is a strong legislative policy "that dependency actions be resolved expeditiously"]; *In re Malinda S.* (1990) 51 Cal.3d 368, 384 [the state has a "legitimate interest in providing an expedited proceeding to resolve the child's status without further delay"]; see *In re Joshua R., supra,* 104 Cal.App.4th at p. 1026.) Any alleged error is harmless.

## IV. DISPOSITION

The extraordinary relief writ petition is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

KIRSCHNER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.